UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARENCE HALEY,<br><br>    Plaintiff,<br><br>v.<br><br>THE KINTOCK GROUP, *et al.*,<br><br>    Defendants. | Civ. No. 2:11-cv-05606 (WJM)<br><br>MEMORANDUM<br>OPINION & ORDER |

    **THIS MATTER** comes before the Court on *pro se* Plaintiff Clarence Haley's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the application is denied.

    The Complaint alleges the following facts. Haley is a state parolee who was released on parole to a halfway back program called the Stages to Enhance Parolee Success ("STEPS"). In his first two months at STEPS, Haley submitted complaints regarding two issues. First, he submitted a complaint that the kitchen staff provided him with an inadequate meal. Second, he submitted a complaint stating that the STEPS staff withheld or destroyed his medical records from the New Jersey Department of Corrections. Haley alleges that, in retaliation for submitting these complaints, the STEPS staff required him to undergo an evaluation by a psychiatrist, who "secretly [wrote] a <u>false</u> and <u>negative</u> 'psychological evaluation report.'" Compl. ¶ 75 (emphasis in original). Haley alleges that, as a result of this fraudulent report, he was discharged from the STEPS program for medical reasons and was eventually returned to a New Jersey state prison.

    Haley filed this action on September 28, 2011. He filed an application for *pro bono* counsel on March 6, 2012.

    Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In *Tabron*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case has merit, and then weigh specific factors, including (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular

1

legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue that investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57.  The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful.  *Montgomery*, 294 F.3d at 499.

      In this case, the Court finds that appointment of *pro bono* counsel is not warranted for three reasons.  First, it is unlikely that the case has merit.  Haley has filed at least ten (10) civil rights lawsuits in the District of New Jersey, the majority of which have contained allegations that state officials tampered with his food or his medical and legal documents.  All of these cases were dismissed.  *See e.g.*, *Haley v. Morton*, Docket No. 95-0044 (D.N.J.) (dismissed by the trial court on summary judgment and affirmed on appeal); *Haley v. Fauver*, Docket No. 97-5711 (D.N.J.) (stayed by the trial court and dismissed on appeal); *Haley v. Mee*, Docket No. 99-1820 (D.N.J.) (dismissed by the trial court as frivolous during initial screening and affirmed on appeal); *Haley v. Andrews*, Docket No. 99-4644 (D.N.J.) (dismissed by the trial court; appeal dismissed); *Haley v. Correctional Behavioral Solutions, et al.*, Docket No. 02-5350 (dismissed by the trial court; summarily affirmed on appeal).  Because the Complaint filed in this case does not appear to differ substantially from Haley's previous complaints, the Court finds that it is likely that this case also lacks merit.

      Second, there is no evidence that Haley would be unable to present his own case.  A review of the dockets of the federal cases alone indicates that Haley regularly and consistently submits motions, responds to his adversaries, and actively participates in these litigations.  Indeed, he has been very active in prosecuting the present action since its initiation.

      Finally, the Court is familiar with Section 1983 actions, and the claims in this case appear to be fairly straightforward.  As such, the case does not appear to require that Haley be guided by counsel.

      For the foregoing reasons and for good cause shown;

      **IT IS** on this 29th day of May 2012, hereby,

      **ORDERED** that Plaintiff's application for *pro bono* counsel is **DENIED.**

                                           /s/ William J. Martini
                                         **WILLIAM J. MARTINI, U.S.D.J.**