UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CLARENCE HALEY,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**THE KINTOCK GROUP,** *et al.*,<br><br>   **Defendants.** | Civ. No. 2:11-cv-05606 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

  *Pro se* Plaintiff Clarence Haley is one of the District of New Jersey's most litigious *pro se* litigants. Haley has filed at least 12 civil rights lawsuits, has litigated more than 120 motions, has filed at least 17 appeals, and has alleged violations of virtually every provision of the Constitution except the Thirteenth Amendment. In the majority of these lawsuits, Haley has alleged that state officials tampered with his food or his medical and legal documents. All of these cases were dismissed. *See, e.g.*, *Haley v. Morton*, No. 95-0044 (D.N.J.) (dismissed by the trial court on summary judgment and affirmed on appeal); *Haley v. Fauver*, No. 97-5711 (D.N.J.) (stayed by the trial court and dismissed on appeal); *Haley v. Mee*, No. 99-1820 (D.N.J.) (dismissed by the trial court as frivolous during initial screening and affirmed on appeal); *Haley v. Andrews*, No. 99-4644 (D.N.J.) (dismissed by the trial court; appeal dismissed); *Haley v. Correctional Behavioral Solutions, et al.*, No. 02-5350 (dismissed by the trial court; summarily affirmed on appeal).

  Haley now files this 42 U.S.C. § 1983 ("Section 1983") action against The Kintock Group ("Kintock"), Dominick Forte, Sadiqui Muhammad, Kent Joseph, and Reynold Brown (collectively "Defendants"), alleging that Defendants violated his constitutional rights by improperly discharging him from a post-incarceration program. This matter comes before the Court on Kintock's motion for summary judgment under Federal Rule of Civil Procedure 56. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Kintock's motion for summary judgment is **GRANTED**.

I.     BACKGROUND

Haley was an inmate in the New Jersey state prison system who was released to a halfway program in Newark, New Jersey called the Stages to Enhance Parolee Success ("STEPS"). Certification of Anthony P. Pasquarelli ("Pasquarelli Cert.") Ex. B at 3, ECF No. 35. The STEPS program was run by Kintock, a private organization contracted by the New Jersey State Parole Board to provide services to state parolees. The other defendants worked in Kintock's Newark facility. The Newark facility was strictly monitored, and STEPS participants at that facility were subject to numerous restrictions. *See* Pasquarelli Cert. Ex. D, ECF No. 35-1. The STEPS program required participants to abide by a dress code, keep their rooms neat, follow a strict bedtime, request permission to leave and enter the facility, submit to random searches, and submit to random urine testing. *Id.* Kintock reserved the right to reject any "applicant with mental illness who is unable to successfully participate in a residential program, who has not stabilized on [a] medication regime, or who may pose a danger to him/herself, other resident/offenders or the community." Pasquarelli Cert. Ex. E at 2, ECF No. 35-1. Before entering the STEPS program, Haley signed an agreement acknowledging that he understood that "failure to complete the program [could] result in a violation of parole and re-incarceration." Pasquarelli Cert. Ex. C, ECF No. 35-1.

During his time at STEPS, Haley submitted two grievances about the STEPS staff. On July 9, 2010, Haley submitted a grievance stating that the kitchen staff gave him chemically-laced food. Pasquarelli Cert. Ex. J, ECF No. 35-1; *see also* Am. Compl. ¶ 45. Three days later, on July 12, 2010, Haley submitted another grievance alleging that the STEPS staff withheld or destroyed his medical records from the New Jersey Department of Corrections. *See* Am. Compl. ¶ 57. On July 13, 2010, Haley was evaluated by Robert T. Latimer, M.D., a board certified psychiatrist. Pasquarelli Cert. Ex. K, ECF No. 35-1. Dr. Latimer diagnosed Haley with paranoid schizophrenia and antisocial behavior. *Id.* Dr. Latimer noted that Haley was "hostile and highly delusional," "uncooperative and irrational," and "argumentative, sullen, negativistic and angry." *Id.* Dr. Latimer concluded that Haley was "a danger to others," and he recommended that Haley be immediately referred to a psychiatric facility with "supervision 24/7." *Id.* On July 14, 2010, as a result of Dr. Latimer's recommendation, Haley was medically discharged from the STEPS program. Pasquarelli Cert. Ex. J. As a result of the medical discharge, Haley was sent back to state prison. Pasquarelli Cert. Ex. I at 3, ECF No. 35-1.

Haley filed this action, arguing that he should not have been discharged from the STEPS program because Dr. Latimer submitted a "contrived and bogus psychological evaluation" "in collusion" with the other defendants for the purpose of having him removed. Pasquarelli Cert. Ex. I at 3. Haley seeks more than $20 million in damages. Am. Compl. ¶ 108.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.   DISCUSSION

Haley asserts constitutional claims against Defendants under Section 1983. Section 1983 allows civil grievances to be filed against state officials. 42 U.S.C. § 1983. Section 1983 does not create any substantive rights; rather, it provides a remedy for the violation of rights created by other federal laws. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To gain relief under Section 1983, a plaintiff must establish: (1) that the defendant acted under the color of state law, and (2) that the defendant's action deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).

In the Amended Complaint, Haley cites to a litany of statutes and constitutional provisions, but his allegations essentially boil down to a claim that Defendants violated his due process rights by improperly discharging him from the STEPS program. The Due Process Clause of the Fourteenth Amendment guarantees that a government actor will not deprive someone of a protected interest in life, liberty or property without due process of law. *See* U.S. Const. amend. XIV. To assert an actionable procedural due process claim, a plaintiff must establish: (1) the existence of a protected liberty interest that has been interfered with by the state, and (2) procedures related to the deprivation that were constitutionally insufficient. *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989).

In this case, Haley failed to establish the existence of a protected liberty interest. While a prisoner remains in institutional confinement, the Due Process Clause does not protect his interest in remaining in a particular facility. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976). The Third Circuit has long held that placement at a halfway house amounts to "institutional confinement" due to the significant restrictions placed on halfway house residents. *Asquith v. Dep't of Corr.*, 186 F.3d 407, 411 (3d Cir. 1999). Thus, removal from a halfway house does not trigger the protections of the due process clause. *Id.* (plaintiff's "removal from the halfway house did not trigger the protections of

the Due Process Clause"); *Gresham v. Intensive Supervision Program*, No. 99-4346, 1999 WL 771075, at *5 (D.N.J. Sept. 27, 1999) (plaintiff's "removal from [post-sentence Intensive Supervision Program] did not trigger any protection of the Due Process Clause"); *Outen v. Prialeau*, No. 12-4166, 2012 WL 6151958, at *7 (E.D. Pa. Dec. 10, 2012) ("Plaintiff's removal from [a restrictive drug and violence rehabilitation center] did not trigger the protections of the Due Process Clause").  Because Haley cannot establish a due process violation, his constitutional claims fail, and Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED**, and the action is **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

                                                  /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 6, 2013**